This was an action to try the title to the office of register of deeds of Currituck County, the plaintiff alleging that he was duly elected to what office at the election in November, 1914, when he and the defendant were opposing candidates.
After this election the board of canvassers of Currituck County met at the proper time and place, canvassed the result of the election, and, instead of declaring the result a tie, as they should have done, erroneously declared the defendant Baxter the rightfully elected candidate, and gave him a certificate of election.
The plaintiff Bray denied that the defendant was elected, and appeared before the meeting of the board of county commissioners of Currituck County on the First Monday in December, 1914, and protested against the induction of defendant into said office.
The board of commissioners, upon the defendant's tendering the bond required by law, accepted it and inducted him into the office. *Page 50 
On 19 December, 1914, this suit was instituted, and plaintiff alleged that he was duly elected in 1914 and "that the defendant was wrongfully sworn in and installed as register of deeds for said county, and has ever since that time wrongfully exercised, and is still wrongfully exercising, said office, and wrongfully and unlawfully receiving the emoluments thereof," and prayed judgment `that the said defendant be adjudged wrongfully in the said office, that he be evicted therefrom, and that this relator be adjudged rightfully entitled thereto and be installed therein, and that he recover of the defendant and his sureties such amount as he received in such office."
The defendant answered and the cause was referred to a referee, and, upon exceptions to his report, heard before Whedbee, J., at March (8) Term, 1915, at which time judgment was rendered declaring the defendant entitled to the office.
From this judgment the plaintiff appealed to the Supreme Court, and it decided that the vote at the November (1914) election was a tie, and that neither of the candidates was elected, and remanded "the case to the county board of elections, who shall determine which shall be elected."
After this decision the board of elections of Currituck County met and elected the defendant to the office.
At the next term of the Superior Court thereafter the plaintiff moved the court to submit to the jury an issue to determine what sum he was entitled to recover of the defendant as fees for the time preceding the date upon which the board of elections elected the said defendant.
The contention of the plaintiff is based upon the fact that he was elected register of deeds in 1912, and he therefore contends that he is entitled to the fees of the office up to the time the defendant was elected by the board of elections.
The court refused to submit the issue tendered by the plaintiff, and the plaintiff excepted and appealed.
It has been judicially determined that the plaintiff was not elected in 1914, and he is now seeking to recover fees for work done, not by himself but by the defendant.
His appeal presents the single question of his right to have the issue submitted to the jury to determine what sum he was entitled to recover of the defendant as fees, and this depends upon the pleadings.
When we turn to the pleadings we find no allegation that he was elected to the office of register of deeds in 1912, and the whole complaint, *Page 51 
including the demand for fees, is based upon the contention that he was duly elected in 1914, and this has been decided against him.
The issue, therefore, which he tendered did not arise upon the pleadings, and his Honor ruled correctly in refusing to submit it.
Affirmed.
(9)